1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| VIVEK SHAH, | Case No.: 2:24-cv-08979-MEMF-SKx |
| --- | --- |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT THE HARVARD DRUG GROUP, L.L.C.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF NO. 11]** |
| v. | |
| THE HARVARD DRUG GROUP LLC, | |
| Defendant. | |

On October 25, 2024, Defendant The Harvard Drug Group, L.L.C. ("Defendant") filed its Motion to Dismiss Plaintiff's Complaint. (*See* ECF No. 11.).

Defendant's Motion argued that Plaintiff Vivek Shah's ("plaintiff") claims for (1) violation of California's False Advertising Law, Bus. & Prof. Code § 17500, *et seq.* ("FAL") and (2) fraud/misrepresentation, and plaintiff's prayer for damages, attorneys' fees and costs, and injunctive relief, should be dismissed without leave to amend. Plaintiff's Complaint seeks damages, injunctive relief, and attorneys' fees related to his alleged purchase of Defendant's Benzoyl Peroxide Wash USP 10% (the "BPO Product").

The Court, having considered Defendant's Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1. Each of Plaintiff's claims shall be dismissed as expressly preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq.* and supporting regulations, which govern the sale, labeling and marketing of Defendant's BPO Product. Plaintiff seeks to override the FDA's approved ingredient formulation and labeling of acne medications containing benzoyl peroxide set forth in the FDA's monograph for benzoyl peroxide acne medication by asking Defendant to list "benzene" on its labels or include warnings that benzoyl peroxide can degrade to form benzene. The relief requested would render Defendant's BPO Products "misbranded" and impose obligations "different from or in addition to" FDA promulgated statutes and rules. This is prohibited by federal law's mandate of national uniformity for nonprescription drugs. 21 U.S.C. § 379r.;

2. In the alternative, the Complaint shall be dismissed because the FDA has primary jurisdiction to decide whether Defendant's BPO Products are appropriately labeled, whether BPO Products more broadly should contain additional or different labels and warnings, and whether any BPO products contain unacceptable levels of benzene should be recalled—the very issues and requests the very relief sought in this suit. *See Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008); and

3. In the alternative, the Complaint fails to state claims for which relief can be granted. Plaintiff's FAL and fraud claims do not allege facts with the particularity required by Rule

9(b), including by failing to identify specific, false and misleading statements that would be "likely to deceive a reasonable consumer" (*Truxel v. Gen. Mills Sales, Inc.*, No. C-16-cv-04957-JSW, 2019 WL 3940956, at *3 (N.D. Cal. Aug. 13, 2019) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008))), failing to plead facts to establish reasonable reliance on any alleged omission or representation (*Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 912 (N.D. Cal. 2020) (quoting *Great Pac. Sec. v. Barclays Cap., Inc.*, 743 F. App'x 780, 783 (9th Cir. 2018))), or facts to substantiate the who, what, when, where and how of the alleged fraudulent conduct. *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009).

For the foregoing reasons, Plaintiff's Complaint shall be dismissed with prejudice and without leave to amend because no amendment could cure its deficiencies.

**IT IS SO ORDERED.**

Dated:

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT COURT JUDGE