UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVEK SHAH,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE HARVARD DRUG GROUP LLC,<br><br>                    Defendant. | Case No.: 2:24-cv-08979-MEMF-SKx<br><br>**ORDER DENYING MOTION TO TRANSFER, GRANTING REQUEST FOR JUDICIAL NOTICE, AND GRANTING MOTION TO DISMISS [ECF NOS. 11, 12, 15]** |

Before the Court are a Motion to Transfer filed by Plaintiff Vivek Shah (ECF No. 15), a Request for Judicial Notice filed by Defendant The Harvard Drug Group LLC (ECF No. 12), and a Motion to Dismiss filed by Defendant The Harvard Drug Group LLC (ECF No. 11). The Court deems these matters appropriate for resolution without oral argument. *See* C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court DENIES the Motion to Transfer (ECF No. 15), GRANTS the Request for Judicial Notice (ECF No. 12), and GRANTS the Motion to Dismiss (ECF No. 11).

/ / /

/ / /

1

**SUMMARY OF ORDER FOR PRO SE PLAINTIFF VIVEK SHAH**

The Court considered your Motion to Transfer (ECF No. 15) and The Harvard Drug Group LLC's Motion to Dismiss (ECF No. 11) in this Order, and also considered the Request for Judicial Notice (ECF No. 12) filed alongside the Motion to Dismiss.

First, the Court decided that the case should not be transferred to the Southern District of New York as you requested. The Court found that the case could not have been filed in the Southern District of New York, and so transfer is not appropriate. The Court also found that the first-to-file rule does not apply because of differences between this lawsuit and that *Kouyate* lawsuit you pointed to.

Second, the Court determined that your claims must be dismissed. This is both because you failed to file an opposition to the Motion to Dismiss, and because federal law preempts the state law claims based on drug labeling that you brought here.

Thus, your claims will be dismissed, and this lawsuit will end.

**BACKGROUND**

I. **Factual Allegations**[1]

Plaintiff Vivek Shah ("Shah") is an individual residing in Los Angeles, California. *See* ECF No. 1-1 ¶ 8. Defendant The Harvard Drug Group LLC d/b/a Rugby Laboratories ("THDG") is a limited liability company incorporated in Michigan and with its principal place of business in Livonia, Michigan. *See id.* ¶ 10.

THDG manufactures and sells various acne medications, including Benzoyl Peroxide Wash USP 10% ("BPO") Products. *See id.* ¶¶ 1, 16. THDG's BPO Products contain benzoyl peroxide, and either directly contain benzene or contain other compounds that degrade into benzene. *See id.* ¶¶ 17–19. Benzene is a solvent used in various pharmaceutical compounds, and it is toxic and causes adverse health effects including cancer. *See id.* ¶¶ 23–30. According to testing, the benzene levels in

---

[1] Unless otherwise indicated, the following factual background is derived from the allegations in Plaintiff Vivek Shah's Complaint. *See* ECF No. 1-1. For the purposes of analyzing the Motion to Dismiss, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations and is therefore not—at this stage—finding that they are true.

1  THDG's BPO Products exceed 2 parts per million ("ppm"), which makes them dangerous and in
2  violation of Food and Drug Administration ("FDA") guidelines. *See id.* ¶¶ 20, 50.

3  　　　THDG is aware that its BPO Products contain benzyne and of benzene's danger, but despite
4  this, the labeling for the BPO Products does not list benzene. *See id.* ¶¶ 47, 48. THDG does not
5  disclose in labeling or marketing that its BPO Products contain benzene. *See id.* THDG represented
6  in advertising that its BPO Products are safe. *See id.* ¶ 91.

7  　　　THDG sells its BPO Products in California and throughout the United States. *See id.* ¶ 11.
8  THDG also advertises its products in California. *See id.* ¶ 12.

9  　　　Shah purchased THDG's BPO Products containing benzene in California. *See id.* ¶¶ 5, 13. In
10 doing so, Shah relied on THDG's representations that the BPO Products were "safe, unadulterated,
11 and free of any carcinogens that are not listed on the label." *See id.* ¶ 4. Shah would not have
12 purchased the BPO Products if THDG had disclosed to Shah that the BPO Products contain benzene
13 or other compounds that degrade into benzene. *See id.* ¶ 60.

14 **II.    Procedural History**

15 　　　Shah filed suit in Los Angeles County Superior Court on September 19, 2024. *See* ECF No.
16 1-1. Shah brings two causes of action: (1) violation of California Business and Professions Code §
17 17500 (the False Advertising Law, or "FAL"); and (2) fraud/misrepresentation. *See id.*

18 　　　THDG removed to this Court on October 18, 2024, on the basis of diversity jurisdiction. *See*
19 ECF No. 1.

20 　　　THDG filed the instant Motion to Dismiss on October 25, 2024. *See* ECF No. 11. THDG also
21 filed the instant Request for Judicial Notice on October 25, 2024. *See* ECF No. 12. Shah failed to file
22 any opposition to the Motion to Dismiss.

23 　　　Shah filed the instant Motion to Transfer on October 30, 2024. *See* ECF No. 15. Shah
24 requests that the action be transferred to the Southern District of New York. *See id.* THDG filed an
25 Opposition to the Motion to Transfer on November 13, 2024. *See* ECF No. 17. Shah filed a Reply in
26 support of the Motion to Transfer on November 13, 2024. *See* ECF No. 18.

27 　　　These matters were set for a hearing on April 3, 2025. *See* ECF No. 16. On March 31, 2025,
28 the Court took the hearing off calendar and took these matters under submission. *See* ECF No. 23.

**MOTION TO TRANSFER (ECF No. 15)**

I. **Applicable Law**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In the Ninth Circuit, a motion for transfer pursuant to § 1404(a) lies within the discretion of the district court and depends on the facts of each particular case. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Court must consider both public factors, which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Such factors may include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *See Jones,* 211 F.3d at 498–99.

II. **Discussion**

Here, the Court finds that it would not be appropriate to transfer this case to the Southern District of New York as Shah requests. Crucially, the Court finds that this action *could not* have been brought in the Southern District of New York. This is fatal to Shah's Motion to Transfer.

Under 28 U.S.C. § 1404(a), a district court may only transfer an action to another district where the action "might have been brought or to any district or division to which all parties have consented." *See* 28 U.S.C. § 1404(a). Here, THDG has not consented to transfer to the Southern District of New York, and so Shah must show that the action "might have been brought" there. *See id.* An action where federal court jurisdiction is based on diversity of citizenship may be brought in any of the following: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that

is the subject of the action is situated;" or (3) if neither of the previous sections apply, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *See* 28 U.S.C. § 1391(b)(1)–(3).

Here, neither of the first two provisions regarding where an action may be brought would allow this action to be brought in the Southern District of New York. First, THDG does not reside in the Southern District of New York. *See* ECF No. 1-1 ¶ 10 (Shah alleges that THDG is a Michigan LLC with its principal place of business in Michigan). Second, the allegations do not suggest that "a substantial part of the events or omissions" occurred in Southern District of New York or that "a substantial part of the property" at issue is in the Southern District of New York. Shah alleges that he purchased the BPO Products at issue in California. *See id.* ¶ 13. The allegations further suggest that to the extent that THDG's actions gave rise to this litigation, those actions occurred in Michigan. *See id.* ¶ 10. Nothing in the Complaint suggests that any significant events occurred in the Southern District of New York or that any property at issues is located in the Southern District of New York. Thus, to show that the action could have been brought in the Southern District of New York, Shah must show that the third provision applies, and that there would be personal jurisdiction over THDG as to this lawsuit in the Southern District of New York.

The Court finds that there would not be personal jurisdiction over THDG as to this lawsuit in the Southern District of New York. Personal jurisdiction may be either general or specific. *See Picot*, 780 F.3d at 1211. There is general jurisdiction over individuals in their state of domicile, and "[w]ith respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Specific jurisdiction, on the other hand, exists where "the claim for relief arises directly from a defendant's contacts with the forum state." *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Here, because THDG is incorporated in Michigan and has its principal place of business in Michigan (*see* ECF No. 1-1 ¶ 10), the Court finds that there would only be general jurisdiction over THDG in Michigan. Thus, Shah must show that there is specific jurisdiction in the Southern District of New York. There is not. Specific jurisdiction requires not just that the defendant have some contacts with the state in question, but that the litigation "arise out of or relate to the

defendant's contacts" with the state. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017). Here, although (as Shah notes in his Reply) the allegations suggest that THDG sold its BPO Products nationwide, including in New York, *this litigation* does not stem from sales in New York. Instead, it stems from Shah's alleged purchased in California. *See* ECF No. 1-1. Thus, there is not specific jurisdiction as to this litigation over THDG in New York.

Thus, this action could not have been brought in the Southern District of New York, and so the Court cannot transfer this action to New York under 28 U.S.C. § 1404(a).

In his Motion, Shah also asserts that the Court should transfer based on the "first-to-file" rule. *See* ECF No. 15 at 2. This rule "may be invoked when a complaint involving the same parties and issues has already been filed in another district." *Alltrade, Inc. v. Uniweld Prods.*, Inc., 946 F.2d 622, 625 (9th Cir. 1991). But the rule does not apply if the issues in the two suits are not "identical." *See id.* The other action that Shah points to—*Kouyate v. The Harvard Drug Group, LLC.*—is a class action based on alleged violations of New York law. *See Kouyate v. The Harvard Drug Group, LLC.*, Case No. 1:24-cv-06223-GHW-SDA, ECF No. 1 (S.D.N.Y. Aug. 16, 2024). Although there is some overlap in the factual allegations, as *Kouyate* also focuses on benzenes in THDG's BPO Products, *Kouyate* was brought by different parties and has different causes of action. *See id.* Shah has provided no authority suggesting that the first-to-file rule applies and supports transfer in this circumstance. The Court finds that the issues are not so overlapping as to warrant transfer.

For these reasons, the Motion to Transfer (ECF No. 15) is DENIED.

**REQUEST FOR JUDICIAL NOTICE (ECF No. 12)**

I. **Applicable Law**

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Once a

fact is judicially noticed, the court "must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f).

On a motion to dismiss, courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee*, 250 F.3d at 688). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the complaint may be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006)). A court considering a motion to dismiss may also take judicial notice of "matters of public record," "but not of facts that may be subject to reasonable dispute." *See id.* (citing *Lee*, 150 F.3d at 689). A court considering a motion to dismiss may not, "on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *Id.*

## II.  **Discussion**

THDG requests that the Court take judicial notice of five exhibits: (1) Exhibit A: an FDA alert regarding benzene contamination, post on the FDA's website; (2) Exhibit B: guidance published by the FDA regarding safety in pharmaceuticals, also posted on the FDA's website; (3) Exhibit C: a research letter regarding benzene, posted on the National Institutes of Health's website; (4) Exhibit D: a letter written to the FDA regarding benzene, posted on another government website; (5) a letter from the FDA in response to the previous letter, also posted on a government website. *See* ECF No. 12.

The Court finds that all of these items are appropriate for judicial notice. Shah has not questioned the authenticity of any exhibit, and the existence of these exhibits and their contents can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). However, the Court will not assume that all facts stated in any exhibit are true, and is only taking notice that the exhibits exist. *See Lee*, 250 F.3d at 690 (courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records").

As such, the Request for Judicial Notice is GRANTED.

**MOTION TO DISMISS (ECF No. 11)**

I. **Applicable Law**

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

II. **Discussion**

The Court GRANTS THDG's Motion to Dismiss and will dismiss all claims without leave to amend.

First, Shah failed to file any opposition to the Motion to Dismiss,[2] which alone is sufficient to grant the Motion. Under the Local Rules of this District, the "failure to file any required

---

[2] Per Court's Standing Order, Shah's opposition was due on November 8, 2024, fourteen days after the Motion to Dismiss was filed. *See* Standing Order § VIII(B). If the Court's Standing Order did not have a

document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, except as to motions for summary judgment. *See* C.D. Cal. L.R. 7-12. Thus, by failing to file an opposition, the Court may deem that Shah has consented to the granting of the Motion and dismissal of his claims. The Court will nevertheless briefly examine the merits of the Motion to Dismiss.

Second, the Court finds that Shah's claims are preempted by the Food, Drug, and Cosmetic Act ("FDCA"). Preemption analysis starts with the assumption that state laws are not preempted unless preemption was intended by Congress. *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, (1947). Congress's intent to preempt state law may be expressed in the statute's language or implied in its statutory framework. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 517 (1992). The FDCA explicitly prohibits any state from establishing any requirement "that is different from or in addition to, or that is otherwise not identical with, a requirement under this chapter." *See* 21 U.S.C.A. § 379r(a)(2). Thus, the FDCA preempts state law claims regarding the labeling of over the counter drugs that are not identical to the requirements imposed by the FDCA, as other district courts have recognized in non-binding decisions. *See, e.g.*, *Henning v. Luxury Brand Partners, LLC*, Case No. 22-CV-07011, 2023 WL 3555998 (N.D. Cal. May 11, 2023). THDG argues that it is required to use a monograph approved by the FDA. *See* ECF No. 11 at 17. THDG points to numerous non-binding decisions in which courts have held that similar claims are preempted. *See, e.g.*, *Seale v. GSK Consumer Health, Inc.*, 718 F. Supp. 3d 1208, 1220–23 (C.D. Cal. 2024) (finding claims based on drug mislabeling preempted). This Court similarly holds that the claims are preempted. This flaw could not be resolved through an amendment, and so the Court will dismiss Shah's claims without leave to amend. *See Manzarek*, 519 F.3d at 1031.

Thus, both because Shah failed to oppose the Motion to Dismiss and therefore consented, and because the claims are preempted, the Court GRANTS the Motion

**CONCLUSION**

---

specific deadline for the opposition, Shah's opposition would have been due, pursuant to Local Rule 7-9, 21 days before the hearing on the motion, which would be a deadline of March 13, 2025 (because the hearing is set for April 3, 2025, *see* ECF No. 16). These deadlines have all passed and Shah failed to file an opposition.

For the reasons stated herein, the Court ORDERS as follows:

1. Shah's Motion to Transfer (ECF No. 15) is DENIED.
2. THDG's Request for Judicial Notice (ECF No. 12) is GRANTED.
3. THDG's Motion to Dismiss (ECF No. 11) is GRANTED. Shah's claims shall be DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated: March 31, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge